## COMMONWEALTH *vs.* AARON R. MERRIFIELD.

An indictment, which charges a larceny or embezzlement of the printed sheets of a certain publication, is not supported by evidence that those sheets were delivered to the defendant by the owner to be bound, and that the defendant, after he had folded, stitched, bound, and trimmed them, embezzled and fraudulently converted them to his own use. In such case, the indictment should charge a larceny or embezzlement of books.

THE first count in the indictment against the defendant charged him with stealing the printed sheets of two thousand copies of a certain publication, called the Temperance Harp, of the goods and chattels of William A. Hawley.   The second count alleged that said William A. Hawley was possessed of two thousand copies of the printed sheets of a certain publication, called the Temperance Harp, which sheets were the personal property of said Hawley, and the subject of larceny, and delivered the same to the defendant, to be by him bound and returned to said Haw-ley, yet that the defendant wilfully and feloniously embezzled and fraudulently converted the said sheets to his own use, con-trary to the form of the statute, &c.   [See Rev. Sts. *c.* 126, § 30.]

At the trial, in the court of common pleas, " the counsel for the government offered evidence tending to prove that William A. Hawley was the owner of the property alleged to have been stolen ; that he delivered the 2000 sheets, mentioned in the in-dictment, to the defendant, to be bound ; that they were folded, stitched, bound, and trimmed by the defendant ; that the defen-dant delivered a part of said books to said Hawley, and afterwards embezzled and fraudulently converted to his own use the remain-der of said books.   The defendant's counsel insisted that there was a fatal variance between this evidence and the allegations in the indictment, inasmuch as the property embezzled, if any, was

not printed sheets, but books.   But the court instructed the jury that the supposed variance was immaterial, and the jury returned a verdict of guilty.   The defendant alleged his exceptions to the said instructions."

*Huntington*, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

DEWEY, J.   The objection of variance between the *allegata* and *probata*, urged in the present case, may savor somewhat of nicety, but if well founded, it must avail the defendant.

Are printed sheets, after they have been folded, stitched, bound, and trimmed, being all the operations at the bindery that were necessary to fit the article for the market, properly described in an indictment as " printed sheets " ?   It seems to us that the description in the indictment imports that the article alleged to be stolen was in that earlier stage of book manufacture, known as sheets after being printed, but before they have passed through the hands of the binder.   Before this period, they are printed sheets, clearly and obviously so, in common parlance as well as in technical language.   The change takes place, and they lose this character, when they have passed through the binder's hands, and have been folded, stitched, trimmed, and bound ; and they then become pamphlets or books, and may properly be called books, whether they are the smallest toy books, or the largest quartos and folios.

Understanding the question to be, whether the felonious taking of printed sheets, thus folded, stitched, trimmed, and bound, will support a charge of larceny of " printed sheets," we are of opinion that it will not.   Great strictness has always prevailed in criminal proceedings, and the law particularly requires a correct description of the species of property alleged to be stolen. Roscoe Crim. Ev. (2d ed.) 94, 95.   Archb. Crim. Pl. (4th Amer. ed.) 93.

Was it competent, upon this evidence, to consider the larceny as committed at an earlier period, and while the articles were properly called and known as printed sheets — and thus avoid the objection we have been considering ?   The facts stated in the bill of exceptions show that the owner of these sheets deliv-

ered them to the defendant to be bound, and that under this contract he proceeded to fold, stitch, and bind them. While thus employed, he was acting according to the terms of his employment, and could not be said to be guilty of any larceny or embezzlement. The property, during this period, continued in Hawley, the original owner, and was as truly his after the binding as while in sheets. The work put upon the articles by the binder did not change the property, and the bound volumes were, as the property of the original owner, subject to larceny ; and therefore if the larceny took place after the articles had become books, then it was a larceny of the *books* of Hawley. As the evidence shows no case of larceny until after the printed sheets had, by the operations of the binder, become books, the objection of variance recurs, and must avail the defendant.

*New trial ordered.*